THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* SANTIAGO DÍAZ RODRÍGUEZ, Defendant and Appellant.

No. 11597.   Argued November 7, 1946.—Decided December 9, 1946.

---

[17] The case of *Durán* v. *Durán*, 55 P.R.R. 615, should be considered overruled insofar as this particular is concerned.

*Juan B. Soto* for appellant. *Luis Negrón Fernández, Acting Attorney General,* and *J. Correa Suárez, Assistant Prosecuting Attorney,* for appellee.

Mr. Chief Justice Travieso delivered the opinion of the court.

Santiago Díaz Rodríguez, charged with the offense of an attempt to kill and convicted of aggravated assault and battery, was sentenced to one year's imprisonment in jail, whereupon he appealed to this court, relying on five assignments of error, of which we shall only discuss the first two.

The appellant maintains that the lower court erred in not charging the jury as to what constitutes a deadly weapon in the legal sense, limiting itself to stating that the jury should determine whether or not the weapon was deadly.

The information alleged, and the evidence showed, that the defendant assaulted and battered Víctor Rivera with a knife, inflicting several serious wounds upon him. One of the wounds cut the inferior lobe of the left ear, and the other one, inflicted on the middle of the cervical region, was three inches long and one-fourth inch deep. The knife was the same one which the defendant used in his business of hog slaughtering and sale of fried scrap (*chicharrones*), and "*cuchifritos.*"

712

In support of his contention the appellant cites the following rule:

"The jury should be properly informed of the nature, elements, and ingredients of the offense. . . . The court should also define and explain the meaning of these various terms, whenever necessary. On the trial of an assault with a deadly or dangerous weapon, the court should define the meaning of these terms, unless the instrument is such *per se* or as a matter of law." (5 C. J. 797, § 346.)

We have carefully read the instructions of the lower court as to the crime of aggravated assault and battery and we find that they substantially follow the language of the statute. Section 237 of the Penal Code (Act of March 10, 1904, Sess. Laws, p. 41) provides in paragraph 6 thereof that an assault and battery becomes aggravated: "7. When a serious bodily injury is inflicted upon the person assaulted" and "8. When committed with deadly weapons under circumstances not amounting to an intent to kill or maim."

It was shown by the evidence that the knife with which Rivera was assaulted was a deadly weapon *per se*, that is, a weapon which was capable of producing death or serious bodily injury. *People* v. *Rivas,* 16 P.R.R. 581; *People* v. *Oriols,* 27 P.R.R. 195; and *People* v. *Chardón,* 44 P.R.R. 511.

If the trial court committed any error at all it was in not holding as a matter of law that the weapon used by the aggressor was a deadly weapon *per se.* The court left to the jury the determination of whether or not the weapon was deadly or capable of producing serious bodily injury and the defendant can not complain of that.

▮▮▮ In instructing the jury as to the alleged self-defense, the trial court said:

"The law is to the effect that a person who is assaulted by another, is entitled to use as much force as is possible to repeal the assault. The law does not authorize the infliction of a greater harm than that which is necessary to repeal the assault. *Hence, an assault with the fists does not justify a weaker person to resort to a deadly weapon capable of killing or maiming.*"

Appellant argues that the foregoing instruction is erroneous as to the words which appear in italics, "because differences in age, health, and strength may determine that a cuff (*bofetada*), given by a man to another, should cause the latter great bodily harm or even death."

Even if the above instruction is not technically correct, the error could in no way prejudice the defendant. The use of deadly weapons to repeal a simple attack is not ordinarily justified, but it may be where the use of such weapons is necessary to prevent the threatened injury, as where there is a great disparity in the physical strength of the parties. 5 C. J. 748, § 235. It does not appear from the evidence introduced at the trial that the assaulted person, Víctor Rivera, was physically stronger than his aggressor, the defendant. The evidence for the prosecution, believed by the jury, shows that the defendant was the one who started the fight by striking Rivera; and that the defendant pursued Rivera, when he tried to flee, attacking him with the knife. No evidence was offered tending to show that Rivera carried any weapon with which he might have caused bodily injury to the defendant. See *People* v. *Sutton,* 17 P. R. R. 327.

The remaining assignments of error lack merit and, therefore, we shall not discuss them. We will only state, regarding the fifth assignment, that in our judgment the lower court did not abuse its discretion in imposing the penalty of one year's imprisonment in jail, which, given the seriousness of the occurrence, we consider as reasonable.

The judgment appealed from should be affirmed.

Mr. Justice Snyder did not participate herein.